```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**RYAN E. CUNNINGHAM,**

    **Plaintiff,**

**v().**                                           **Civil Action No. 2:11-cv-0142**

**RONALD F. LEGRAND and**
**LEGACY DEVELOPMENT SC**
**GROUP, LLC,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is the motion to dismiss of defendants Ronald F. LeGrand and Legacy Development SC Group, LLC ("Legacy"), filed April 7, 2011.

### I.

Plaintiff instituted this civil action on March 4, 2011. His complaint charges, in the main, various misrepresentations made by Mr. LeGrand and his agents, along with gross mismanagement of Mountain Country Partners, LLC ("Mountain Country"), the limited liability company that plaintiff and Mr. LeGrand created. Following a fairly detailed, ten-page recitation of the facts giving rise to his claims, plaintiff asserts what appear to be four separate causes of action in a

single count. First, plaintiff alludes to certain fraudulent misrepresentations made by Mr. LeGrand in issuing a loan to plaintiff. (Compl. ¶ 40). Second, plaintiff alleges that Mr. LeGrand misappropriated funds or was otherwise wilfully indifferent in managing Mountain Country. (Id.). Third, plaintiff raises at least one claim, perhaps more, under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-68, though he neglects to specify which of the RICO statute's provisions defendants have allegedly contravened. (Id. ¶¶ 41-49). Fourth, plaintiff alleges that defendants wilfully attempted to "obstruct justice and prevent a full and fair resolution" of certain arbitration proceedings he had initiated in Florida. (Id. ¶ 59).

In his prayer for relief, plaintiff seeks compensatory and punitive damages "[p]ursuant to the RICO counts." (Id. at 17). He does not mention the fraud, misappropriation, or obstruction of justice claims earlier raised. Instead, plaintiff seeks a declaratory judgment that the promissory note reflecting a loan made to him by defendants is not in default; that the promissory note was fraudulently transferred to another entity controlled by LeGrand and must therefore be rescinded; and that defendants "have conspired to perpetrate a scheme or artifice to

defraud." (Id.).

Prior to answering the complaint, defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that plaintiff has failed to state a claim upon which relief can be granted.  In so contending, defendants note repeatedly the difficulty in discerning the specific causes of action raised in the complaint.  Defendants read plaintiff's complaint to raise three claims: (1) a civil RICO claim; (2) a fraudulent transfer claim; and (3) a fraud claim.  Defendants also understand the complaint to seek a declaratory judgment that plaintiff's note is not in default.

In response to defendants' motion to dismiss, plaintiff acknowledges that the complaint "might not be a literary masterpiece," but contends that it nevertheless

> gives Mr. LeGrand fair notice that Plaintiff charges him with: (1) fraud in the inducement involving a personal note; (2) extortion and obstruction of justice for attempting to interfere with a legitimate arbitration through threatening frivolous litigation over a note that he had coerced Plaintiff into signing; [and] (3) a conspiracy among Mr. LeGrand . . . and other persons yet unknown to defraud Plaintiff and others similarly situated.

(Pl.'s Resp. 4-5).  Plaintiff does not mention his claims against defendant Legacy, nor does he discuss his civil RICO claim(s).

II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007). In addition, Rule 10(b) provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). As one circuit court of appeals has explained, Rules 8 and 10

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

<u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082-83 (11th Cir. 1996).

Plaintiff's complaint fails to conform to these instructions. Like defendants, the court is unable to discern precisely which causes of action plaintiff intends to raise. Moreover, even assuming discernable claims, it is unclear which facts are meant to support which claims. The court therefore finds that, inasmuch as plaintiff appears to assert multiple claims for relief arising from separate transactions and

4

occurrences, each claim for relief should be presented in a separate count, as required by Rule 10(b).

Accordingly, it is ORDERED that plaintiffs be, and they hereby are, directed to file an amended complaint no later than May 23, 2011. The amended complaint shall state each cause of action in a separate count, as required by Rule 10(b). Each count shall include a short and plain statement providing "fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007), along with a demand for the relief sought, Fed. R. Civ. P. 8(a)(3). The claims raised in the amended complaint shall be limited to those mentioned in the original complaint.

In light of the foregoing, it is further ORDERED that defendants' motion to dismiss be, and it hereby is, denied without prejudice. Pursuant to Rule 15(a)(3), defendants shall have 14 days after service of the amended complaint to frame a response.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: May 10, 2011

John T. Copenhaver, Jr.
United States District Judge

5