UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**RYAN E. CUNNINGHAM,**

    Plaintiff,

v.                                        Civil Action No. 2:11-cv-00142

**RONALD F. LEGRAND and
LEGACY DEVELOPMENT SC
GROUP, LLC,**

    Defendants.


### MEMORANDUM OPINION AND ORDER

Pending is plaintiff's Motion for Sanctions, which includes a request for injunctive relief, filed August 29, 2011.[1]

---

[1] Defendants correctly observe that plaintiff failed to attach a supporting memorandum to his motion for sanctions as required by Local Rule of Civil Procedure 7.1(a)(2), nor does the motion cite to any statutory or case law authority. Plaintiff is cautioned to observe both local and general rules with respect to motion practice. Inasmuch as the motion has since been briefed, first by defendants and then plaintiff, the court will address its merits.

    Additionally, in the "Wherefore" clause of plaintiff's motion, plaintiff requests that his obstruction of justice claim, which was dismissed pursuant to previous memorandum opinion and order of this court, be reinstated. See Cunningham v. LeGrand, No. 2:11-cv-0142, 2011 WL 3475546 (S.D. W. Va. Aug. 9, 2011). Inasmuch as plaintiff provides no sufficient basis for this request, it is denied.

1

I.  Background

This case arises from the events that transpired in the aftermath of a West Virginia real estate venture.  Plaintiff Ryan E. Cunningham is a West Virginia citizen primarily in the business of procuring commercial real estate. (First Am. Compl. ¶¶ 1, 5).  At issue in this action are his dealings with defendant Ronald F. LeGrand, a citizen of Florida, and Legacy Development SC Group, LLC ("Legacy"), a Florida limited liability company that LeGrand manages and directs.  (Id. ¶¶ 2, 23).  The rather convoluted background of this dispute is fully recounted in a previous opinion of the court.  See Cunningham v. LeGrand, No. 2:11-cv-0142, 2011 WL 3475546, at *1-4 (S.D. W. Va. Aug. 9, 2011).

In addition to asserting the obstruction of justice claim that was later dismissed, plaintiff asserts in his first amended complaint a claim for declaratory relief and an order declaring the following:

(1)  that the note plaintiff executed in favor of Mountain Country [Partners] is not currently in default;

(2)  that the assignment of such note from Mountain Country [Partners] to Legacy was a fraudulent transfer;

(3)  that Legacy was not a bona fide purchaser of the note;

(4)  that the note was induced by fraud and is thus void; and,

2

    (5)    that Legacy knew the note was void when it received the note from Mountain Country [Partners].

Id. at *4. Defendants allege two counterclaims. In Count I, defendants claim that Plaintiff breached an otherwise enforceable security agreement inasmuch as Cunningham failed to provide additional capital or reduce his total indebtedness by an amount sufficient to satisfy Legacy, the assignee of the security agreement. (Ans. ¶¶ 20-25). Defendants next assert a claim for declaratory relief in Count II, in which they seek a declaration of the following:

    (1)    that Mountain Country Partner's ("MCP") "transfer of its interest in the Note and the Security Agreement to Legacy was a valid, effective, legitimate, and legally binding assignment;"

    (2)    "that Legacy, through its transaction with and assignment from MCP, is a bona fide purchaser for value without notice;"

    (3)    "that the Note was not induced by fraud and is not void as to either MCP or Legacy;" and,

    (4)    "that Cunningham is in default under the Security Agreement and that it is entitled to full and immediate payment from Cunningham of his entire indebtedness of $1,025,000.00."

(Id. at ¶¶ 26-38).

        On August 9, 2011, the court entered a memorandum opinion and order dismissing the plaintiff's obstruction of justice claim, leaving only plaintiff's claim for declaratory relief. See Cunningham, 2011 WL 3475546, at *5-7. By that

3

time, defendant Legacy had filed a complaint against plaintiff in the Circuit Court for the Fourth Judicial Circuit of the State of Florida, asserting a breach of contract claim identical to Count I of defendants' counterclaim in this action. (Complaint, <u>Legacy Development SC Group, LLC v. Cunningham</u>, No. 2011 CA 000356 (Fla. Cir. Ct.).[2] In response, plaintiff now moves the court 1) to impose monetary sanctions on defendants for filing the parallel proceeding in Florida state court and 2) to enjoin the Florida suit.[3]

## II. Sanctions

Inasmuch as plaintiff provides neither authority in support of his motion for sanctions nor facts suggesting improper conduct on the part of defendant or defendants' counsel, plaintiff's motion for monetary sanctions is denied.

---

[2] According to defendants, defendant Legacy filed the Florida suit on or about July 20, 2011, after which Legacy filed its compulsory counterclaim in this action, on August 23, 2011. (Def.'s Resp. at 2). Plaintiff states that he was served with the Florida complaint on August 25, 2011. Neither party disputes these dates.

[3] Plaintiff argues that his motion does not request an injunction, but rather an order of this court commanding defendants to "cease and desist from prosecuting" their Florida action. As discussed in footnote 5, <u>infra</u>, the effect is the same.

III. Injunction

In addition, plaintiff asks this court to enjoin the Florida action. At bottom, plaintiff argues that the act of filing a parallel proceeding in state court while an identical claim is pending in federal court is for that reason alone improper and thus must be enjoined.[4] Well-settled federal law does not support such a result.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283.[5] "The Act serves as a 'necessary concomitant of

---

[4] Plaintiff claims that the simple filing of the Florida action constitutes "harass[ment]," "intimidate[ion]," as well as "obstruct[ion]" of the present litigation. (Pl.'s Mot. for Sanctions at ¶ 5).

[5] Although Cunningham does not specifically request an "injunction to stay proceedings in State court," he does seek an order "requiring Defendants to cease and desist from any and all further litigation of this matter in the courts of Duval County, Florida." (Pl.'s Mot. for Sanctions, at "Wherefore" clause). If granted, this relief amounts to a "stay of proceedings in a State court." See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970) (finding that the Act "cannot be evaded" by framing an injunction as a restraint on a party rather than directly on the state court). This is clearly the case here: plaintiff's request for a cease and

(Contin.)

the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts' and 'represents Congress' considered judgment as to how to balance the tensions inherent in such a system.'" Denny's Inc. v. Cake, 364 F.3d 521, 528 (4th Cir. 2004) (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988)).  So it is that federal courts must "take seriously the mandate in the Anti-Injunction Act and recognize that for over two hundred years, the Act has helped to define our nation's system of federalism." Employers Res. Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1130 (4th Cir. 1995).

With respect to the second and only relevant exception here, the Supreme Court has never held that a district court may enjoin, as "necessary in aid of its jurisdiction," a parallel in personam state action. See Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 642 (1977) (plurality opinion) ("The traditional notion is that in personam actions in federal and state court may proceed concurrently, without interference from either court

---

desist order against Legacy regarding its Florida filing has "the same effect" as a request for an injunction to prevent the Florida state court from proceeding with the suit; both "result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." Samuels v. Mackell, 401 U.S. 66, 72 (1971); see, e.g, Denny's Inc. v. Cake, 364 F.3d 521, 528-529 (4th Cir. 2004)

. . . . We have never viewed parallel in personam actions as interfering with the jurisdiction of either court . . . ."). In fact, the Supreme Court has long held that "where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." Kline v. Burke Constr. Co., 260 U.S. 226, 230 (1922).

Aside from citing inapplicable state authority, plaintiff directs the court to but two published federal decisions in support of his position: Winkler v. Eli Lilly & Co., 101 F.3d 1196 (7th Cir. 1996), and Ret. Sys. of Ala. v. J.P. Morgan Chase & Co., 386 F.3d 419 (2d Cir. 2004). In Winkler, the district court entered an injunction barring discovery of a confidential agreement in a parallel state court proceeding. The Seventh Circuit found that the district court "quite reasonably believed that the plaintiffs were resorting to state courts for the specific purpose of evading its ruling denying discovery of the confidential agreement." Id. at 1202. The court held that "[w]here a litigant's success in a parallel state court action would make a nullity of the district court's ruling, and render ineffective its efforts effectively to manage the complex litigation at hand, injunctive relief is proper." Id. Nothing in this case indicates that the Florida proceeding

in any way threatens to negate the rulings or effective management of the litigation in this court, and plaintiff cites to none.

J.P. Morgan Chase & Co. is even less availing to plaintiff, as this decision stands for the opposite principle of law plaintiff now asks this court to adopt. There, the district court enjoined a parallel state proceeding that threatened to delay the federal litigation. Id. at 424. The Second Circuit vacated the injunction on the basis of Kline and its progeny. Id. at 425-431. The court observed:

> Any time parallel state and federal actions are proceeding against the same defendant, it is conceivable that occurrences in the state action will cause delay in the federal action, by provoking motion practice in federal court regarding the effects of state-court rulings, or simply by diverting the attention of the defendant. Such a rule [a rule that would allow an injunction to avoid delay] would in effect create an additional exception to the Anti-Injunction Act for circumstances where a federal court finds it convenient to enjoin related state proceedings-an approach contrary to the Supreme Court's direction that we construe doubts about the permissibility of an injunction "in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."

Id. at 430 (quoting Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970) (emphasis in original). Thus, plaintiff provides no reasoned basis for enjoining the parallel proceeding under the principles applied in either Winkler or J.P. Morgan Chase & Co.

8

All told, <u>Kline</u>'s central holding has not been disturbed.  Because both the Florida suit filed by defendant Legacy and the litigation currently pending before this court are actions <u>in personam</u>, the principles enunciated in <u>Kline</u> plainly govern.  Accordingly, plaintiff's request for a "cease and desist" order against defendants is denied.

### IV. Defendants' Request for Attorneys' Fees

In the closing sentence of their brief, defendants seek reasonable attorney fees expended in responding to plaintiff's motion as an item of relief.  In doing so, the defendants have not complied with Rule 11 of the Federal Rules of Civil Procedure.  The request is denied.

### V. Conclusion

Pursuant to the foregoing analysis, it is ORDERED that plaintiff's motion for sanctions and for injunctive relief, as well as reinstatement of his obstruction of justice claim be, and it hereby is, denied.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: October 6, 2011

John T. Copenhaver, Jr.
United States District Judge