UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON


RYAN E. CUNNINGHAM,

      Plaintiff,

v.                       Civil Action No. 2:11-0142

RONALD F. LEGRAND and
LEGACY DEVELOPMENT SC
GROUP, LLC,

      Defendants.


MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion for leave to amend his answer to defendants' counterclaim so as to include as affirmative defenses the grounds of lack of consideration and sham transaction, filed June 9, 2012.[1]  Defendants responded in

---

[1] Plaintiff also seeks to amend the amended complaint to the same effect.  Inasmuch as the two theories identified above, however, are more properly understood as affirmative defenses and not claims for relief, the court treats the amendment request as confined to proposed modifications to the answer.
Additionally, in the proposed second amended complaint, plaintiff includes a section or claim entitled "Obstruction of Justice in W. Va. State Law."  (Proposed Second Amended Complaint at 6-7).  This claim was dismissed pursuant to a memorandum opinion and order entered August 9, 2011.  Plaintiff consequently cannot make the requisite showing to support revival of this claim by amendment of the pretrial order.

opposition on June 13, 2012.  The court construes the motion as a motion to amend the final pretrial order, entered May 4, 2012.[2]

## I.    Background

The facts underlying this action are fully set forth in a memorandum opinion and order granting in part and denying in part the parties' cross motions for summary judgment.  See Cunningham v. LeGrand, No. 2:11-cv-142, 2012 WL 2054112 (S.D. W. Va. June 5, 2012).  On May 4, 2012, the court held the pretrial conference and entered the integrated pretrial order.

## II.    Motion for Leave to Amend

### A.    Governing Standard

Federal Rule of Civil Procedure 15(a)(2) provides pertinently as follows: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added).  The flexibility of

---

[2] As discussed more fully infra, once the pretrial order is entered it supersedes the pleadings.  See Rockwell Int'l. Corp. v. United States, 549 U.S. 457, 474 (2007).

the "freely give leave" standard is diminished somewhat when the amendment is sought after expiration of the deadline, if any, for amended pleadings set by a Rule 16(b) scheduling order. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.") (emphasis added).

Rule 16(b), as reflected by its subdivision title, governs the "Scheduling Order."  The decision in Nourison, for example, involved a request to modify the scheduling order to permit a late amendment to a defendant's answer.  The dispute in Nourison, however, differs materially from the posture of this case.  Here, unlike in Nourison, the final pretrial order has been entered pursuant to Rules 16(d) and (e).  So in this action, unlike in Nourison, Rules 16(d) and (e) bear on the amendment request.  The two subdivisions provide respectively as follows:

> (d) Pretrial Orders. After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it.

> (e) Final Pretrial Conference and Orders. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct

the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

Fed. R. Civ. P. 16(d), (e); see also Loc. R. Civ. P. 16.7(d).

The competing standards require one to ascertain which yield(s) to the other(s) in light of the potentially applicable Rule 15(a)(2) ("freely give leave"), Rule 16(b) ("good cause") and Rule 16(e) ("manifest injustice") provisions. There is limited precedent to guide the discussion.

In this action, the pleading amendment deadline expired August 29, 2011. Having not sought an amendment earlier, plaintiff would, in the usual case, be required to first demonstrate good cause under Rule 16(b), seeking to modify the pleading amendment deadline. If that hurdle was cleared, he would then have to satisfy the Rule 15(a)(2) freely give leave standard. The integrated pretrial order, however, was entered May 4, 2012. As noted by the Supreme Court in Rockwell, that entry superseded the pleadings. There is no need to amend that which has been superseded. The amendment is instead properly directed at the operative document that joins the issues for trial. That document, according to Rule 16(d) and the decision in Rockwell, is the integrated pretrial order. The amendment is thus now judged not by either Rule 16(b) or 15(a) but rather the

4

manifest injustice standard found in Rule 16(e).  So in order to add a witness, an exhibit, a claim, or a defense, it is incumbent upon plaintiff to show that, absent the amendment, "manifest injustice" would result.[3]

"Pretrial orders [of the type specified in Rule 16(d)] are designed to expedite litigation and eliminate surprise by framing the issues remaining for trial." Perfection-Cobey Co., Div. of Harsco Corp. v. City Tank Corp., 597 F.3d 419, 420 (4th Cir. 1979).  "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, total inflexibility is undesirable." Hull v. Chevron U.S.A., Inc., 812 F.3d 584, 588 (10th Cir. 1987) (citation and quotations omitted).  This is the basis for the "manifest injustice" standard, which, as noted, controls the amendment of a pretrial order.  Rainey v. Conerly, 973 F.2d 321, 326 (4th Cir. 1992).

The court may consider the following factors when faced with a motion to amend the final pretrial order and application of the Rule 16(e) manifest injustice standard: "(1) prejudice or surprise to the party opposing trial of the issue;

---

[3] Once trial commences, the Rule 15(b) standard applies for unraised issues tried by express or implied consent of the parties.  See Kirkland v. District of Columbia, 70 F.3d 629, 634 (D.C. Cir. 1995).

(2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." Koch v. Koch Indus., Inc., 203 F.3d 1202, 1222-23 (10th Cir. 2000). See also id. (during trial, district court properly disallowed plaintiff from pursuing additional claims and amendment to pretrial order on basis of unfair surprise); Ryan v. Illinois Dept. of Children and Family Servs., 185 F.3d 751, 763-64 (7th Cir. 1999) (district court failed to consider the factors quoted above in modifying pretrial order prior to trial); Carroll v. Pfeffer, 262 F.3d 847, 849-50 (8th Cir. 2001) (district court properly modified pretrial order prior to trial upon considering balance of hardships and need to conserve judicial resources); Beissel v. Pittsburgh & Lake Erie R.R. Co., 801 F.2d 143, 150 (3d Cir. 1986) (during trial, district court did not err by permitting new witness to testify in view of lack of unfair prejudice and no attempt to cure); Meaux Surface Protection, Inc. v. Fogleman, 607 F.3d 161, 167-68 (5th Cir. 2010) (affirming decision at trial to allow recovery of lost profits where amendment of pretrial order was "very important to [plaintiff's] case" and prejudice to defendants was slight); Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1208 (10th Cir. 2002) (error to deny amendment of pretrial order to allow defendant to raise defense

to punitive damage liability set forth in intervening Supreme
Court decision; although motion to amend was untimely, trial
continuance would have cured any prejudice to plaintiff);
Washington Hosp. Ctr. v. Cheeks, 394 F.2d 964, 965 (D.C. Cir.
1968) (after weighing hardship to parties and whether justice
was done to merits of claim, court did not err in modifying
pretrial order during trial to permit new witness); Laguna v.
Am. Export Isbrandtsen Lines, Inc., 439 F.2d 97, 101 (2d Cir.
1971) ("Whether to allow such a modification in a particular
case poses nice questions of balancing 'the need for doing
justice on the merits between the parties (in spite of the
errors and oversights of their attorneys) against the need for
maintaining orderly and efficient procedural arrangements.'"
(citation and quotations omitted)).

B.   Analysis

        As noted, on June 9, 2012, plaintiff moved for leave
to amend the answer to include as affirmative defenses to the
collection of the Note and enforcement of the Security Agreement
the grounds of lack of consideration and sham transaction.  In
support, plaintiff contends that counsel for plaintiff, Richard
Neely, is "not a 'transactional' lawyer or a lawyer familiar
with the intricacies of contract law," and that he "did not

7

realize that he had fully developed a case for lack of
consideration and 'sham transaction' until those affirmative
defenses and additional grounds for voiding the note and
security agreement were brought to Plaintiff's counsel's
attention" by the court's memorandum opinion and order entered
June 5, 2012.  (Id.).  Plaintiff additionally argues that no
further discovery on these defenses is necessary and that
defendant-counterclaimants will suffer no prejudice should an
amendment be permitted.  (Id. at 2).

      Defendants principally contend that plaintiff lacks
good cause for the requested amendments; that is, Cunningham
cannot demonstrate his diligence.  (Def.'s Resp. at 5-7).  They
further assert that the proposed late-rising amendments amount
to unfair prejudice in that defendants have lost the opportunity
to tailor their discovery requests and motion practice to these
specific issues.  In view of the particular circumstances
presented by this case and the factors discussed above, the
better course is to permit plaintiff's proposed affirmative
defenses.

      First, it is not clear what unfair prejudice or
surprise defendants will suffer if the proposed defenses of
"lack of consideration" and "sham transaction" are heard.
Defendants do not specify what further discovery may be

warranted, including, among other things, from whom they intend
to seek it.  Inasmuch as the evidentiary record at this point is
fully developed, including critical documentary evidence and
deposition testimony from the contracting parties and other
individuals with knowledge of the relevant transactions, the
court finds defendants' generalized contentions unavailing.
Moreover, the proposed affirmative defenses directly relate to
the essential issue heretofore robustly litigated, that is,
whether the promissory note was fraudulently induced or,
conversely, is a valid and enforceable instrument.  There is no
indication that defendants are other than fully equipped by
their thorough and wide-ranging efforts in discovery and motion
practice to cure any prejudice presented by the inclusion of
these additional affirmative defenses.  See Koch, 203 F.3d at
1222-23; Davey, 310 F.3d at 1210-11 ("[T]he timing of the motion
in relation to the commencement of trial is an important element
in analyzing whether the amendment would cause prejudice or
surprise.").

        Second, the court considers the potential for curing
any unfair prejudice or surprise.  The trial in this case is
scheduled for August 28, 2012 -- over a month from now.  In view
of this, the court grants defendants a 30-day period of extended

discovery in order to cure any unfair prejudice or surprise posed by plaintiff's dilatory amendment.[4]

The third factor questions whether inclusion of the amendment will disrupt the orderly and efficient trial of the case.  Here, the proposed defenses of lack of consideration and sham transaction bear profoundly on the issue of contractual formation and thus defendant's counterclaim for breach of contract.  Contrary to the potential for disruption, the presentation of these defenses to the finder of fact will offer a more complete legal picture of the circumstances underlying plaintiff's central claims and defendants' counterclaim.  See Cheeks, 394 F.2d at 965 (whether allowing the amendment will do justice to the merits of the claim); Laguna, 439 F.2d at 101 (observing "the need for doing justice on the merits between the parties") (internal quotations omitted).

Fourth, the court may consider the movant's bad faith in seeking the amendment.  In this case, defendants make no claim of bad faith on plaintiff's part and the court discerns none.  However, a related issue merits brief mention. Plaintiff's chief justification for delay in moving to amend, as

---

[4] Should more time be required for discovery, the court would invite a motion to continue the trial date.

10

noted above, is counsel for plaintiff's asserted lack of
familiarity with commercial law.  This is simply not a
reasonable justification, and the court gives no weight to this
excuse in permitting the amendment.

In sum, allowing plaintiff to use the proposed
defenses at trial does not unfairly prejudice or surprise
defendants.  Any such prejudice is remedied by the ample period
of additional discovery allotted by the court herein, and, if
needed, the allowance of still further time and a continuance of
the trial date.  Moreover, doing justice to Cunningham and his
proposed defenses against defendants' breach of contract
counterclaim weighs in his favor irrespective of his counsel's
conceded lack of legal knowledge in this instance.  It is far
better that the case be tried on its merits, inclusive of the
proposed fundamental defenses to the formation of the contract
at issue in this case.[5]

---

[5] In the memorandum opinion and order entered June 5, 2012,
the court concluded that defendants were entitled to summary
judgment only in two respects: "1) that the note and security
agreement are at most voidable and not void; and, 2) that the
assignment of the note from Mountain Country to Legacy was not a
fraudulent transfer."  Cunningham v. LeGrand, No. 2:11-cv-142,
2012 WL 2054112 at *12 (S.D. W. Va. June 5, 2012).  The court
clarifies that its conclusion -- "the note and security
agreement are at most voidable and not void" -- bears only on

(Contin.).

### III.    Conclusion

For the reasons discussed above, it is ORDERED as follows:

1) that plaintiff's motion for leave to amend be, and it hereby is, granted to the extent set forth below;

2) that the integrated pretrial order be, and it hereby is, amended to include plaintiff's proposed two additional affirmative defenses to defendants' counterclaim, namely, lack of consideration and sham transaction; and,

3) that defendants be granted a 30-day period of additional discovery for the purpose of curing any unfair prejudice or surprise presented by the inclusion of plaintiff's two additional defenses.

With the exception of the above modifications, the integrated pretrial order remains in full force and effect.

---

plaintiff's claim for declaratory relief and not defendant's counterclaim for breach of contract and the defenses to that counterclaim that are now a part of the case by amendment.

12

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: July 24, 2012

John T. Copenhaver, Jr.
United States District Judge