```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**RYAN E. CUNNINGHAM,**

       Plaintiff,

v.                            Civil Action No. 2:11-0142

**RONALD F. LEGRAND and**
**LEGACY DEVELOPMENT SC**
**GROUP, LLC,**

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff Ryan E. Cunningham's motion pursuant to Federal Rule of Civil Procedure 50(b) for judgment as a matter of law, filed September 11, 2012.

I.

Mr. Cunningham alleged in this action that he desired to sell some stock he owned in a limited liability company called Mountain Country Partners, LLC.  As a condition of receiving the stock sale proceeds, he asserted that the managing member of Mountain Country Partners, LLC, defendant Ronald LeGrand, first required him to sign a promissory note.  Mr. Cunningham was also required by Mr. LeGrand to sign an accompanying security agreement.

Mr. Cunningham alleged that Mr. LeGrand told him the signed documents were necessary in order to comply with a federal securities regulation.  At the same time, Mr. Cunningham stated he was assured by Mr. LeGrand that the note and security agreement were mere formalities that would never come due and owing.  It is undisputed that Mr. Cunningham signed the two documents and received the promised $1.025 million from Mountain Country Partners, LLC.

Mr. LeGrand, on behalf of Mountain Country Partners, LLC, later transferred the note and security agreement to defendant Legacy Development SC Group, LLC ("Legacy"), a limited liability company also managed by Mr. LeGrand.  Legacy later demanded that Mr. Cunningham pay the amount due on the note.

Mr. LeGrand denied throughout that he told Mr. Cunningham that the note and security agreement were mere formalities that would never come due.  Legacy asserts that the $1.025 million received by Mr. Cunningham was a loan that must be repaid according to the note's terms.

Mr. Cunningham pled three claims for relief in this action.  First, he asserted that there was no consideration for either the note or security agreement that he entered into with Mountain Country Partners, LLC.  Second, he asserted that the

2

note and security agreement were a sham transaction that neither he, Mountain Country Partners, LLC, nor Mr. LeGrand intended to be binding. Third, he claimed that he was induced to enter into the note and security agreement by fraud inasmuch as Mr. LeGrand allegedly told him that the note and security agreement were mere formalities that would never come due and owing.

Legacy asserted a counterclaim for breach of contract against Mr. Cunningham arising out of his failure to comply with the terms of the note and security agreement.

Trial commenced August 28, 2012, and concluded with the jury's August 30, 2012, verdict. The special interrogatories submitted to the jury, and its answers to the questions put, are as follows:

> Legacy having presented the note and security agreement signed by Mr. Cunningham, please answer the following questions
>
> 1. Did Mr. Cunningham prove by a preponderance of the evidence that the note and the security agreement were unsupported by consideration?
>
> _____ YES     __X__ NO
>
> 2. Did Mr. Cunningham prove by a preponderance of the evidence that the note and the security agreement were a sham transaction?
>
> _____ YES     __X__ NO

3

3.  Did Mr. Cunningham prove by clear and convincing evidence that he was fraudulently induced to enter into the note and the security agreement?

      \_\_\_\_\_ YES        \_\_X\_\_ NO

If you answered "NO" to questions 1 and 2 above, and irrespective of your answer to question 3, has Legacy proved by a preponderance of the evidence that Mr. Cunningham has defaulted on the note and the security agreement?

      \_\_X\_\_ YES        \_\_\_\_\_ NO

As noted, Mr. Cunningham has moved for judgment as a matter of law. He asserts that he "proved conclusively that there was no consideration for the note and security agreement into which he entered and that are at the center of this case." (Pl.'s Mot. at 1). He specifically asserts as follows:

> Rick Wheat, Ron LeGrand's national project manager, simply provided the services of a broker or salesman; neither MCP nor Mr. Wheat and Mr. LeGrand provided Mr. Cunningham with any money of their own whatsoever. Mr. Cunningham's $1,025,000 was provided to him in exchange for his own stock. Thus, there was absolutely no "forbearance, detriment, loss or responsibility given, suffered, or undertaken by" Mountain Country Partners, the original payee of the note.

(Id. at 2). Mr. Cunningham also relies upon certain "facts known to the Court that were not heard by the jury, preeminent among which is the fact that MCP failed because Mr. LeGrand played fast and loose with SEC regulations." (Id.)[1]

---

[1] On October 16, 2012, Legacy became the subject of an involuntary bankruptcy proceeding in the District of South

(continued . . .)

4

II.

A.  Governing Standard

Federal Rule of Civil Procedure 50(b) provides as follows:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.  No later than 28 days after the entry of judgment -- or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged -- the movant may file a renewed motion for judgment as a matter of law . . . .  In ruling on the renewed motion, the court may:
>
>   (1) allow judgment on the verdict, if the jury returned a verdict;
>
>   (2) order a new trial; or
>
>   (3) direct the entry of judgment as a matter of law.

(Fed. R. Civ. P. 50(b)).

The applicable federal standard governing a Rule 50(b) motion is summarized as follows:

> Under Fed.R.Civ.P. 50(b), the question is whether a jury, viewing the evidence in the light most favorable to [the nonmovant], "could have properly

---

Carolina.  All action was thus suspended herein until May 14, 2013, at which time Legacy advised the court that the bankruptcy court had granted relief from the automatic stay on April 25, 2013.

>reached the conclusion reached by this jury." If reasonable minds could differ about the result in this case, we must affirm the jury's verdict. . . .

Bryant v. Aiken Regional Medical Centers Inc., 333 F.3d 536, 543 (4th Cir. 2003) (citations omitted); International Ground Transp. v. Mayor And City Council Of Ocean City, 475 F.3d 214, 218-19 (4th Cir. 2007)("When a jury verdict has been returned, judgment as a matter of law may be granted only if, viewing the evidence in a light most favorable to the non-moving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party."); Tools USA and Equipment Co. v. Champ Frame Straightening Eqpt. Inc., 87 F.3d 654, 656-57 (4th Cir. 1996) (citations omitted) ("Champ argues that the district judge erred in denying its motions for judgment as a matter of law with respect to both liability and damages.  A court may only grant a motion for judgment as a matter of law (formerly j.n.o.v.) if, viewing the evidence in the light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court "determine[s] that the only conclusion a reasonable trier of fact could draw from the evidence is in favor of the moving party."); Hetzel v. County of Prince William, 89 F.3d 169, 171 (4th Cir. 1996).

B.   Analysis

The evidentiary record easily bears the weight of the jury's finding respecting consideration.  The note signed by Mr. Cunningham recites that he would receive $1.025 million in exchange for the obligation of repaying that debt with interest.  Mr. Cunningham testified that he received the $1.025 million.  At bottom, Mr. Cunningham is simply dissatisfied with the fact that the jury credited the defendants' characterization of the parties' transaction rather than his own.  Rule 50(b) is not concerned with that type of challenge to a fact finder's evidence-based, Seventh Amendment choice.

It is, accordingly, ORDERED that Mr. Cunningham's motion for judgment as a matter of law be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to counsel of record and any unrepresented parties.

DATED:  June 10, 2013

_____
John T. Copenhaver, Jr.
United States District Judge